J. Irwin Shapiro, J.
Plaintiff Brent Crobalc, in the main action, seeks recovery for personal injuries. His father, Frank G. Crobalc, sues for derivative damages. Two causes of action are set forth on behalf of the infant plaintiff, one sounding in negligence, and the other for breach of warranty of merchantability and fitness for use. The injuries are claimed to have been sustained when a bottle of cola exploded, the splinters coming into contact with the infant plaintiff. It is alleged that defendant Pepsi-Cola Metropolitan Bottling Co., Inc. (hereinafter referred to as “ Metropolitan ”) sold the defective bottle and its contents to Bockaway Beverage Distributors, Inc. (hereinafter referred to as “Bockaway”) which in turn sold and delivered the bottle to plaintiff’s employer.
Bockaway, after the institution of the main action, served a third-party summons and complaint on Missouri General Insurance Company (hereinafter referred to as “Missouri”), by delivering the process to the Superintendent of Insurance in accordance with the provisions of section 59-a of the Insurance Law. Missouri now moves to dismiss the third-party complaint on the ground that the court has not acquired jurisdiction of its person under that section.
The predicate of the third-party complaint is a policy of liability insurance issued by Missouri to “ Pepsi-Cola Company, et al ”. Under the heading “Name and address of certificate holder and conditions applicable ’ ’ appears the following: “New York Pepsi Cola Distributors Association, Inc., 4600 Fifth Street, Long Island City, 1, N. Y.” The insurance certificate under this heading also provides as follows: “It is agreed that such insurance as is afforded the Certificate Holder applies with respect to the distribution or sale of the named insured’s products in the course of the Certificate Holder’s business”. Under “Hazards Covered” appears the following: “ Products Liability on all Soft Drink Beverages, including Vendors
*910 The third-party complaint alleges that a certificate of insurance under this policy was issued to Eockaway and was in full force and effect; that plaintiff was allegedly injured by an exploding bottle: that the third-party defendant has refused to defend the action or to pay any judgment that might be obtained and that it therefore seeks indemnification from Missouri under the provisions of the certificate of insurance.
The purpose of the statute, as set forth in subdivision 1 thereof, is to subject to the jurisdiction of the courts of this State those insurance companies not licensed or authorized to do business in the State which have issued or delivered policies to its residents by permitting service of process as to them on the Superintendent of Insurance in actions brought by or on behalf of insureds or beneficiaries.
Paragraph (a) of subdivision 2 of the statute provides: ‘ ‘ Any of the following acts in this state, effected by mail or otherwise, by an unauthorized foreign or alien insurer: (1) the issuance or delivery of contracts of insurance to residents of this state or to corporations authorized to do business therein, (2) the solicitation of applications for such contracts, (3) the collection of premiums, membership fees, assessments or other considerations for such contracts, or (4) any other transaction of business, is equivalent to and shall constitute an appointment by such insurer of the superintendent and his successor in office, to be its true and lawful attorney, upon whom may be served all lawful process in any action, suit or proceeding instituted by or on behalf of an insured or beneficiary arising out of any such contract of insurance, and any such act .shall be signification of its agreement that such service of process is of the same legal force and validity as personal service of process in this state upon such insurer.”
Missouri concedes that it is not licensed to do business in the State of New York and that it does not maintain an office here for the transaction of business, and by failure in its ■moving papers to assert the contrary has not negatived the other acts which affect the court’s jurisdiction, that is, delivery by mail or otherwise of the policy of insurance, or the collection of premiums, etc. in this State.
Missouri’s claim of lack of jurisdiction is bottomed solely on the contention that the third-party action was not brought on behalf of an “insured” or “beneficiary” of a policy but by the attorneys for the Zurich Insurance Company, which insures Eockaway, and that the action, in the final analysis, is brought for the benefit of Zurich. Kennedy v. Long Is. R. R. Co. (26 F. R. D. 589 [U. S. Dist. Ct., S. D. N. Y.]), relied upon by *911 Missouri, deals with the rights of creditors of an assured and is inapplicable here where the third-party suit is brought not by a creditor but by a person named as an insured in the very policy in suit. The Kennedy case, if anything, is an authority against Missouri for in speaking of the scope of section 59-a of the Insurance Law it said (p. 591): “A person or party must have the status of ‘ beneficiary ’ or ‘ insured ’ under a contract of insurance before this section is operative”. (See, also, in this connection Kay v. Doe, 204 Misc. 719.)
The short answer to Missouri’s contention is that Rockaway is an additional insured under the policy, a fact not controverted by Missouri and that therefore the statute is directly applicable. The circumstance that the attorneys appearing in this action for Rockaway are house counsel for Zurich is of no moment since Rockaway from a substantive point of view is the real party in interest (cf. CPLR 1004; see Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1004.01 et seq.). The further circumstance that Zurich may derive a direct or indirect benefit by reason of a resort to this third-party remedy is of no consequence. The fact is that Zurich is not a party to the action. In any event it is alleged, and not disputed, that Zurich is merely an excess carrier.
Patently the argument advanced by Missouri is void of merit and the motion to dismiss is denied.
Alternative relief requested by Missouri is the fixation of the amount of the undertaking or security which, pursuant to section 59-a (subd. 3, par. [a]) Missouri, as an unlicensed insurer, is required to file as a condition precedent to the service and filing of any pleading in the action. Missouri cogently argues that since no bill of particulars has been served by the plaintiff in the main action and the nature and extent of plaintiff’s injuries have not been ascertained, the court is not presently in a position to determine the amount of the undertaking.
Accordingly, the court will deny the motion insofar as it seeks a fixation of security, without prejudice to renewal by either party to the third-party action after service of the bill of particulars, and the lapse of a reasonable time in which to conduct a physical examination and an examination before trial of the infant plaintiff in the main action. This procedure is authorized by paragraph (b) of subdivision 3 of the statute which provides: “ The court in any action, suit, or proceeding, in which [substituted] service is made in the manner provided [for by the statute] may, in its discretion, order such postponement as may be necessary to afford the defendant reason *912 able opportunity to comply with the provisions of paragraph (a) of this subsection and to defend such action.”
Missouri also moves for a severance of the third-party action from the main action. Clearly it is entitled to this relief since prejudice would inevitably result from a denial of the motion (Kelly v. Tanncotti, 4 N Y 2d 603; Rauch v. Berlin, 24 A D 2d 976; Greenberg’s Sons v. Peter Pan Fur Co., 33 Misc 2d 453). While normally a motion for a severance will not be entertained until after the issues have been delineated by responsive pleadings, where it is clear from the third-party complaint that the issues tendered therein relating to coverage are completely alien to those set forth in the main action, the court in its discretion may grant the motion for a severance without awaiting the joinder of issue.
In summary, that branch of the motion seeking a dismissal for lack of jurisdiction is denied; the branch which seeks a fixation of security to be deposited by the third-party defendant is denied without prejudice to renew as indicated, and insofar as the motion seeks a severance of the third-party action for purposes of trial it is granted. The third-party defendant is to serve its answer to the third-party complaint within 20 days after service of a copy of the order to be entered hereon with notice of entry.